UNION PACIFIC RAILROAD COMPA-
NY, Plaintiff-Appellant,

v.

RISS INTERNATIONAL
CORPORATION,
Defendant-Appellee.

No. 82CA1175.

Colorado Court of Appeals,
Div. II.

Aug. 16, 1984.

Gorsuch, Kirgis, Campbell, Walker & Grover, Dan S. Cross, Catherine M. Meyer, Denver, for plaintiff-appellant.

Jones, Meiklejohn, Kehl & Lyons, Leslie R. Kehl, Denver, for defendant-appellee.

BERMAN, Judge.

Plaintiff, Union Pacific Railroad Company, (Union Pacific) appeals from a judgment for defendant, Riss International Corp., (Riss) on a claim for freight charges. We affirm.

From August 1978 to July 1979, Union Pacific was a carrier of truck trailers shipped by Riss between Denver, Colorado, and Kansas City, Kansas. During this period Union Pacific carried 145 empty trailers from Denver to Kansas City free of charge.

The evidence at trial indicated that both Union Pacific and Riss believed that the trailers qualified for free shipment under Western Rules Tariff 6002-H and 6002-G, Item 310, which provided that after a full trailer had been carried to its destination and unloaded, the empty trailer was entitled to transportation back to the point of departure free of charge if it was returned to the carrier within 10 days. Item 310 further provided that a different empty trailer could be substituted on the return trip under certain circumstances. In either case, however, the tariff required the shipper to affix a certificate of compliance with the requirements for a free return to the bill of lading of the trailer. No such certificates were provided for the 145 trailers in question.

When the absence of the required certificates came to light during an I.C.C. investigation, Union Pacific brought suit for freight charges for the return transportation of the 145 trailers to Kansas City.

At the conclusion of trial, the court found that:

"The transportation of the inbound laden trailer and the return of an empty trailer is a single transportation instance and the rate of the inbound movement includes as a portion thereof a rate for the return of the empty trailer."

The trial court concluded that by its continued course of conduct in accepting empty Riss trailers without requiring any additional transportation charges, Union Pacific was estopped from proceeding against Riss for those charges. The court therefore entered judgment for Riss.

I.

On appeal, Union Pacific first contends that the trial court erred in determining that, under the circumstances of this case, equitable estoppel was available as a defense to a claim for freight charges arising from I.C.C. tariffs. We disagree.

The Interstate Commerce Act was enacted in order to achieve uniformity in freight transportation charges and to eliminate price discrimination and favoritism. *Southern Pacific Transportation Co. v. Commercial Metals Co.*, 456 U.S. 336, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982). These policies are embodied in 49 U.S.C. § 6(7), which specifically prohibits a carrier from charging a different rate from that established by tariff. *See Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Fink*, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151 (1919).

Whether estoppel is available as a defense to a claim for interstate freight charges turns on whether use of estoppel is consistent with the statutory policy of preventing discriminatory treatment of shippers. *Consolidated Freightways Corp. v. Admiral Corp.*, 442 F.2d 56 (7th Cir.1971); *Southern Pacific Transportation Co. v. Campbell Soup Co.*, 455 F.2d 1219 (8th Cir.1972). Thus, equitable estoppel may be asserted if the defendant is threatened

with liability for freight charges already paid to a third party in reliance on the carrier's misrepresentations. *See Southern Pacific Transportation Co. v. Commercial Metals Co., supra.* Under such circumstances, "the grounds for estoppel do not serve directly or indirectly as a cover for freight rate discrimination." *Southern Pacific Transportation Co. v. Campbell Soup Co., supra.*

■ Here, there was evidence of substantial compliance with the applicable tariff. This included testimony that in the vast majority of cases an empty trailer was delivered to the Denver terminal at the time each loaded trailer arrived, and that in the remaining cases a substitution was made within 10 days. It was undisputed that Riss paid the freight charges applicable under Item 310. Finally, there was no dispute that both parties believed that Riss was in compliance with Item 310.

In our view, no discriminatory effect can be attributed to permitting assertion of estoppel under the facts of this case. Accordingly, since Union Pacific has received no less than it would have received from a shipper in full compliance with Item 310 and since Riss' failure to provide, and since Union Pacific's failure to demand complete certification was the result of mutual inadvertence, we perceive no discriminatory effect arising from the assertion of estoppel here.

## II.

■ Union Pacific contends, in addition, that the elements of estoppel were not present because both the shipper and the carrier are presumed to know the terms of the applicable tariffs. *See Aero Trucking,* *Inc. v. Regal Tube Co.,* 594 F.2d 619 (7th Cir.1979). Again, we disagree.

In relevant part, *Restatement (Second) of Contracts* § 246(1) (1981) states that:

"[A]n obligor's acceptance ... of the obligee's performance, with knowledge of or reason to know of the non-occurrence of a condition of the obligor's duty, operates as a promise to perform in spite of that non-occurrence ...."

*See also 5 S. Williston, Contracts* § 687 (1961). Similarly, an obligor's forbearance from asserting a breach of a condition may become binding if the promisee changes position in reliance thereon. 1 *S. Williston, supra,* § 140 (1957).

■ Here, compliance with the certification requirements was a condition precedent to Union Pacific's duty to transport the empty trailers back to their point of departure in Kansas City. Riss refrained from affixing the required certificates, to its detriment, in reliance on Union Pacific's acceptance of bills of lading without the certificates over the course of 12 months. During this period, Union Pacific had reason to know that certification was a condition of its duty and that the condition was not being met. Union Pacific is therefore estopped from asserting now that it was relieved of its duty to return the empty trailers by Riss' failure to provide the required certification.

Judgment affirmed.

KELLY and TURSI, JJ., concur.